UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REX GUNTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV172 RLW |
| | ) | |
| DAVID SCHMITT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 2). Upon review of the record, the Court will deny Plaintiff's motion.

## Background

On January 30, 2017, Plaintiff filed an Amended Prisoner Civil Rights Complaint under 42 U.S.C. § 1983. (ECF No. 4) He previously filed a "Petition About Violating of First Amendment Right About Outgoing Mail for the Plaintiff by Defendant," along with the present Motion for Appointment of Counsel. (ECF Nos. 1, 2) Plaintiff is currently a civil detainee at the Southeast Missouri Mental Health Center ("SMMHC") in Farmington, Missouri. He claims that Defendant, the Chief Operating Officer at SMMHC, has violated Plaintiff's constitutional rights by placing a restriction on Plaintiff's incoming and outgoing mail. Plaintiff requests a court-appointed attorney because he is unable to afford counsel and his civil commitment limits his ability to litigate his complex case.

## Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't*

*of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)). [1] When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present his claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only one claim: Defendant wrongfully restricted Plaintiff's mail in violation of his constitutional rights to free speech and due process. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented his legal claims to the Court, and he is able to investigate the facts of his case. While Plaintiff contends that his civil commitment limits his ability to litigate his case, the Court notes that Plaintiff has been able to file several other federal Complaints over the past two years.[2] Because the facts and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED** without prejudice.

Dated this 24th day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff brings the present motion under 28 U.S.C. § 1915(e)(1), which pertains to proceedings in forma pauperis. The Court notes, however, that Plaintiff paid the filing fee and is not proceeding as an indigent person. Nonetheless, the Court will address Plaintiff's motion under the standards set forth for indigent civil litigants.

[2] *See Gunther v. Kraushaar*, No. 4:15CV1329 SPM; *Gunther v. Gowdy, et al.*, No. 4:15CV1851 NCC; and *Gunther v. Neff*, No. 4:16CV1606 NCC (violation of First Amendment right to free speech with regard to sending and receiving mail).